25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY KNOWN and Numbered as Rural Route 1, Box 198,
Cutler, Ohio, Defendant,
and
Shirley Mayle; Terry Mayle, Claimants-Appellants.
 No. 93-3168.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: GUY and NELSON, Circuit Judges; and QUIST, District Judge.*
 PER CURIAM.
 
 
 1
 Claimants, Shirley Mayle and Terry Mayle, appeal the judgment of the district court directing the forfeiture, pursuant to 21 U.S.C. Sec. 881(a)(7), of certain real property used to facilitate the manufacture and distribution of controlled substances. On appeal, the Mayles raise four arguments: (1) the district court abused its discretion in refusing to grant Terry Mayle's motion to dismiss, or, in the alternative, motion for a stay in light of the pending criminal proceeding against him; (2) the district court erred in finding that probable cause was established at the time the court accepted this forfeiture case, thereby foregoing an adversarial determination of probable cause; (3) the district court erred by remarking to the jury that the government had already proven that probable cause existed to subject the defendant property to forfeiture; and (4) the district court erred by consolidating the voir dire of this case with that of another, but related, case, where both cases were civil forfeiture actions, where all of the claimants in the two cases have the same last name, and where the claimants and counsel had no prior notice of the consolidated procedure. Because we agree with the Mayles as to the second issue, we reverse and remand.
 
 I.
 
 2
 The forfeiture of the defendant real property at issue in this case, known as Box 198, stemmed from the same investigation that is reviewed in the case of Real Property Known and Numbered as Rural Route 1, Box 137-B, Cutler, Ohio, --- F.3d ---- (6th Cir. ---- ----, 1994) (No. 93-3167). Box 137-B and the case at hand are essentially companion cases that were tried separately and have remained separate on appeal. Because both cases stem from the same facts, and these facts were discussed in Box 137-B, only those facts particular to the seizure of Box 198, which are necessary for an analysis of the issues raised on appeal, will be outlined.
 
 
 3
 On May 3, 1991, the Washington County Sheriff's Office executed a search warrant at property titled in the name of Terry Mayle, located at Rural Route 1, Box 198, in Cutler, Ohio. The officers discovered, among other things, 190 grams of marijuana; photographs of marijuana plants; and, on one side of the defendant property, approximately 150 yards from the main residence, 12 marijuana plants in starter cups in a pile of dirt. Shirley Mayle also was found on the defendant property at the time of the search.
 
 
 4
 The government filed a complaint with the district court seeking the forfeiture of the Box 198 property pursuant to 21 U.S.C. Sec. 881(a)(7) on the basis that the property had been used or was intended for use to facilitate violations of the country's drug laws. Accompanying the complaint was a verification of complaint and affidavit of probable cause sworn to by Basil W. Santos, a special agent for the Drug Enforcement Administration.
 
 
 5
 On July 16, 1991, in an ex parte proceeding, Magistrate Judge Mark R. Abel found that the government had established probable cause to believe the Mayle's property was subject to forfeiture. A warrant of arrest in rem was issued, authorizing the seizure of the property. The United States Marshal then seized the property and served all interested parties with notice of the action.
 
 
 6
 Terry Mayle and Shirley Mayle both filed claims to the property. Terry Mayle asserted that he was the owner of the defendant property; Shirley Mayle asserted that she had a mortgage interest encumbering the property.[1] Both Terry Mayle and Shirley Mayle also filed answers to the complaint and in their answers raised a number of affirmative defenses, including innocent ownership.
 
 
 7
 The trial was set for September 21, 1992. On September 18, 1992, Terry Mayle moved to dismiss, or, in the alternative, to stay the trial in light of a pending grand jury investigation into alleged illegal activities at Box 198. The district court denied this motion and the case proceeded to trial.
 
 
 8
 Terry Mayle, who was incarcerated within the Ohio penal system at that time, did not attend the trial. He had a verdict of forfeiture directed against him pursuant to Rule 50 of the Federal Rules of Civil Procedure on the grounds that he did not present any evidence that he was an innocent owner of the defendant property. Shirley Mayle's claim was tried, and, upon its completion, the case was submitted to the jury with instructions to answer three interrogatories. As to the first interrogatory, the jury found that Shirley Mayle had proven she was not involved in illegal activities at the defendant property, but by its answers to the second and third interrogatories found that she did have knowledge of the illegal activities and consented to them. The court then entered a judgment forfeiting the defendant property.
 
 II.
 
 9
 Each of the four issues the Mayles raise on appeal was raised by John Mayle in Box 137-B. Neither the claimants nor the government have cited any facts that distinguish these arguments from those brought by John Mayle. Moreover, both Terry Mayle and Shirley Mayle are represented by the same counsel that represented John Mayle, and the legal arguments proffered in support of their claims are virtually identical to those proffered in Box 137-B. We addressed each of these issues in Box 137-B, and our holding there is controlling here.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Gordon J. Quist, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 One other claim and answer was filed on behalf of Farm Credit Services of Mid America. Farm Credit Services asserted a mortgage interest in the defendant property, which the United States recognized by stipulation on July 24, 1992